# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 1:16-CR-324 |
| | : |
| v. | : (Chief Judge Conner) |
| | : |
| **ANGEL LUIS CARRASCO-RIVERA**, | : |
| | : |
| **Defendant** | : |

## ORDER

AND NOW, this 17th day of May, 2018, upon consideration of the motion (Doc. 41) to vacate, set aside, or correct the sentence imposed by this court on July 27, 2017, filed by defendant Angel Luis Carrasco-Rivera ("Carrasco-Rivera"), and it appearing that Carrasco-Rivera seeks relief under 28 U.S.C. § 2255 on the ground that his sentence was imposed in violation of the Constitution, see id. § 2255(a), and that the motion was filed within the prescribed one-year limitations period,[1] id. § 2255(f); R. GOVERNING § 2255 CASES R. 4(b), but that construing and ruling upon the motion under 28 U.S.C. § 2255 may preclude Carrasco-Rivera from filing a second or successive motion for relief, see id. § 2255(h), and that as a matter of good practice district courts should notify *pro se* habeas defendants of the ramifications of construction of post-conviction motions pursuant to Section 2255, see United States v. Miller, 197 F.3d 644, 651 (3d Cir. 1999); but cf. Pliler v. Ford, 542 U.S. 225,

---

[1] When the defendant has not taken a direct appeal, the Section 2255 limitations period begins to run "on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). In the instant case, Carrasco-Rivera did not appeal his conviction or sentence to the United States Court of Appeals for the Third Circuit, and his time for doing so expired on August 9, 2017. See FED. R. APP. P. 4(b)(1)(A)(i). Therefore, the Section 2255 motion, filed on May 16, 2018, falls within the one-year statute of limitations.

231-32 (2004); United States v. Perry, 142 F. App'x 610, 613 (3d Cir. 2005), it is hereby

ORDERED that:

1. Carrasco-Rivera is GRANTED leave to elect, on or before **Friday, June 15, 2018**, to withdraw the motion (Doc. 41) to vacate, set aside, or correct sentence or to have the motion construed and ruled upon under 28 U.S.C. § 2255.

2. On or before **Friday, June 15, 2018**, Carrasco-Rivera shall file the attached election form with the court, indicating an election to withdraw the motion or to have the motion construed and ruled upon under 28 U.S.C. § 2255.

3. Failure to comply with this order will result in the motion being construed and ruled upon under 28 U.S.C. § 2255.


    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:16-CR-324** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **ANGEL LUIS CARRASCO-RIVERA**, | : | |
| | : | |
| **Defendant** | : | |

## NOTICE OF ELECTION

      You have filed a post-conviction motion seeking relief from a judgment of sentence. You must elect whether you would prefer that the court construe and rule upon your motion under 28 U.S.C. § 2255 or whether you would prefer to withdraw your motion.

      If you elect to have your motion construed and ruled upon as one under 28 U.S.C. § 2255, you may lose your right to file second or successive motions to correct or vacate your sentence, even if those motions raise claims not presented in the motion currently before the court. Federal law grants defendants the right to file *one* motion under 28 U.S.C. § 2255 to correct or vacate a sentence. Defendants are not allowed to file second or successive motions under 28 U.S.C. § 2255 without approval from the appropriate court of appeals. This approval is available only in limited circumstances, as outlined in 28 U.S.C. § 2255. As such, if the court construes and rules upon your motion under 28 U.S.C. § 2255, you may lose your right to file second or successive motions raising other grounds for relief.

      The court will give you two options to proceed. You may elect (1) to have your motion construed and ruled upon under 28 U.S.C. § 2255 or (2) to withdraw your motion with the intent of filing an all-inclusive motion under 28 U.S.C. § 2255, raising all grounds for relief, on or before **Friday, August 3, 2018**. You should consult 28 U.S.C. § 2255 for more information on the availability and nature of relief under this provision.

      You will be given until **Friday, June 15, 2018**, to return the attached election form to the court. If this form is not completed and filed within this period, the court will construe and rule upon your motion under 28 U.S.C. § 2255. Your election on this form, or your failure to make an election, will be binding upon you.

      After you have reviewed this notice and the appropriate provisions, print your name in the space provided and choose one of the options listed in the form. Then sign and date the form and file the completed form with the court on or before **Friday, June 15, 2018**.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:16-CR-324** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **ANGEL LUIS CARRASCO-RIVERA**, | : | |
| | : | |
| **Defendant** | : | |

## **ELECTION FORM**

I, _____, defendant in the above-captioned case, have read the notice of election in its entirety and make the following election:

\_\_\_\_\_ I elect to have my motion construed and ruled upon under 28 U.S.C. § 2255.

\_\_\_\_\_ I elect to withdraw my motion with the intent of filing an all-inclusive motion under 28 U.S.C. § 2255, raising all grounds for relief, on or before **Friday, August 3, 2018**.

I declare under penalty of perjury that the foregoing is true and correct.

_____  _____
(Signature)                                                     (Date)